| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Todd J. Roberts**<br>**Law Offices of Todd J. Roberts**<br>**16601 Ventura Blvd. Fourth Floor**<br>**Encino, CA 91436**<br>**818 906-8000 Fax: 818 906-8099**<br>California State Bar Number: **181945**<br><br>■ Attorney for Debtor | |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER 13<br><br>CASE NUMBER **SV 09-12118 KT** |
| In re<br><br>　　　**Leonarda G Aguilar**<br><br>　　　　　　　　　　　　　　　　　　Debtor(s). | **RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN CHAPTER 13 DEBTORS AND THEIR ATTORNEYS** |

It is important for Debtors who file a chapter 13 bankruptcy case to understand their rights and responsibilities. It is also important for Debtors to know what their attorneys' responsibilities are and to communicate carefully with their attorneys to make the case successful. Debtors also are entitled to expect certain services to be performed by their attorneys. In order to assure that Debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following rights and responsibilities have been adopted by the court. The signatures below indicate that the responsibilities outlined in the agreement have been accepted by the Debtors and their attorneys. Nothing in this agreement is intended to modify, enlarge or abridge the rights and responsibilities of a "debt relief agency," as that term is defined and used in 11 U.S.C. § 101, et. seq.

Any attorney retained to represent a Debtor in a chapter 13 case is responsible for representing the Debtor on all matters arising in the case, other than adversary proceedings, unless otherwise ordered by the court. The attorney may not withdraw absent a consensual withdrawal or substitution of counsel or approval by the court of a motion for withdrawal or substitution of counsel considered after notice and a hearing. When appropriate, the attorney may apply to the court for compensation additional to the maximum initial fees set forth below in this agreement.

**BEFORE THE CASE IS FILED, THE DEBTOR AGREES TO:**

1. Discuss with the attorney the Debtor's objectives in filing the case.

2. Timely provide the attorney with accurate information, financial and otherwise.

3. Timely provide the attorney with all documentation requested by the attorney, including but not limited to, true and correct copies of the following documents*:

    a. Certificate of Credit Counseling, together with the debt repayment plan, if any, prepared by the nonprofit budget and credit counseling agency that provided individual counseling services to the debtor prior to bankruptcy.

    b. Proof of income from all sources received during the period of 7 months before the date of the filing of the petition, including but not limited to paycheck stubs, Social Security statements, worker's compensation, rental, pension, disability, and self-employment income, and other payment advices. For businesses, the Debtor should provide report(s) disclosing monthly income and expenses for the period of 6 months before the date of the filing of the petition.

    c. Proof of ability to pay from any person contributing income to the case.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*November 2006*                                                                                                                                    **F 3015-1.7**
Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                             Best Case Bankruptcy

Rights and Responsibilities Agreement Between Chapter 13 Debtors  F 3015-1.7
and Their Attorneys - *Page 2 of 6*

| In re | | CHAPTER 13 |
|---|---|---|
| **Leonarda G Aguilar** | | |
| | Debtor(s). | CASE NUMBER **SV 09-12118 KT** |

    d.    Federal and state income tax returns, or transcripts of such returns, for the most recent tax year ending immediately before the commencement of the case.

    e.    Proof of the debtor's identity, including a driver's license, passport, or other document containing a photograph of the debtor.

    f.    A record of the debtor's interest, if any, in an educational individual retirement account or under a qualified State tuition program.

    g.    The name, address and telephone number of any person or state agency to whom the Debtor owes back child or spousal support, the name, address and telephone number of any person or state agency to whom the Debtor makes current child or spousal support payments and all supporting documents for the child or spousal support payments. Examples of supporting documents are a court order, declaration of voluntary support payments, separation agreement, divorce decree and a property settlement agreement.

    h.    Insurance policies owned by the debtor, including homeowner's insurance, business insurance, automobile insurance, fire insurance, flood insurance, earthquake insurance, and credit life insurance.

\* All documents submitted to the attorney must be copies as the documents will not be returned to the Debtor.

**AFTER THE CASE IS FILED, THE DEBTOR AGREES TO:**

1.    Timely make the required monthly payments.

2.    Comply with the chapter 13 rules and procedures.

3.    Keep the chapter 13 trustee and attorney informed of the Debtor's current address and telephone number, and the Debtor's employment status.

4.    Sign a payroll deduction order, if one is required.

5.    Inform the attorney of any change in the Debtor's marital status, the commencement of any child support or spousal support obligation, or a change in any existing child support or spousal support obligation.

6.    Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

7.    Contact the attorney promptly if the Debtor loses his or her job, encounters other new or unexpected financial problems, if the Debtor's income increases, or if the Debtor receives, or learns of the right to receive, money or other proceeds of an inheritance or legal action.

8.    Timely inform the attorney of any change in a creditor's address or payment amount.

9.    Keep records of all mortgage, vehicle and personal property payments made to all secured creditors during the case.

10.    Provide the attorney with any federal tax returns or transcripts requested pursuant to 11 U.S.C. § 521(f).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*November 2006*  F 3015-1.7

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

| Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys - *Page 3 of 6* | F 3015-1.7 |
|---|---|
| In re<br>**Leonarda G Aguilar**<br>Debtor(s). | CHAPTER 13<br>CASE NUMBER **SV 09-12118 KT** |

11. Contact the attorney promptly if the Debtor is sued during the case or if the Debtor commences a lawsuit or intends to settle any dispute.

12. Inform the attorney if any tax refunds to which the Debtor is entitled are seized or not received when expected by the Debtor from the IRS or Franchise Tax Board.

13. Contact the attorney promptly before buying, refinancing, or selling real property, and before incurring substantial additional debt.

14. Pay directly to the attorney any filing fees.

**BEFORE THE CASE IS FILED, THE ATTORNEY AGREES TO PROVIDE AT LEAST THE FOLLOWING LEGAL SERVICES:**

As used herein, the term "Personally" means that the described service shall be performed only by an attorney who is a member in good standing of the State Bar of California and admitted to practice before this court. The service shall not be performed by a non-attorney even if such individual is employed by the attorney and under the direct supervision and control of such attorney.

1. **Personally meet with the Debtor to review the Debtor's assets, liabilities, income, and expenses.**

2. **Personally counsel the Debtor regarding the advisability of filing either a chapter 13 or a chapter 7 case, discuss both procedures with the Debtor, and answer the Debtor's questions.**

3. **Personally review with the Debtor the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.**

4. **Personally explain to the Debtor that the attorney is being engaged to represent the Debtor on all matters arising in the case, as required by Local Bankruptcy Rule 3015-1(t).**

5. **Personally explain to the Debtor how and when the attorney's fees and the trustee's fees are determined and paid, and provide an executed copy of this document to the Debtor.**

6. **Timely prepare and file the Debtor's petition, plan, statements, schedules, and required documents and certificates.**

7. **Explain which payments must be made directly to creditors by the Debtor and which payments will be made through the Debtor's chapter 13 plan, with particular attention to mortgage and vehicle loan or lease payments.**

8. **Explain to the Debtor how, when, and where to make the chapter 13 plan payments.**

9. **Explain to the Debtor how, when, and where to make postpetition mortgage, mobile home, manufactured home, and vehicle loan and lease payments.**

10. **Advise the Debtor of the necessity to maintain appropriate insurance, including homeowner's insurance and liability, collision and comprehensive insurance on vehicles securing loans or leases.**

**AFTER THE CASE IS FILED, THE ATTORNEY AGREES TO PROVIDE AT LEAST THE FOLLOWING**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*November 2006*    F 3015-1.7

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

| Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys - *Page 4 of 6* | F 3015-1.7 |
|---|---|

| In re<br>**Leonarda G Aguilar**<br>Debtor(s). | CHAPTER 13<br>CASE NUMBER **SV 09-12118 KT** |
|---|---|

**LEGAL SERVICES:**

1.   **Advise the Debtor of the requirement to attend the § 341(a) meeting of creditors, and instruct the Debtor as to the date, time, and place of the meeting. In the case of a joint filing, inform the Debtor that both spouses must appear.**

2.   **Inform the Debtor that the Debtor must be punctual for the § 341(a) meeting of creditors. "Punctual" means that the attorney and the debtor(s) must be present in time for check-in. After checking in, if the attorney finds it necessary to request second call, the attorney and the debtor(s) must be present for examination before the end of the calendar.**

3.   **Attend the § 341(a) meetings and any court hearing, either personally or through another attorney from the attorney's firm or through an appearance attorney who has been adequately briefed on the case.**

4.   **Advise the Debtor if an appearance attorney will appear on the Debtor's behalf at the § 341(a) meeting or any court hearing, and explain to the Debtor in advance, if possible, the role and identity of the appearance attorney. In any event, the attorney is responsible to prepare adequately the appearance attorney in a timely fashion and to furnish the appearance attorney with all necessary documents, hearing notes, and other necessary information in sufficient time to allow for review of such information and proper representation of the Debtor.**

5.   **Timely serve the plan and mandatory notice on all creditors.**

6.   **Timely submit to the chapter 13 trustee properly documented proof of all sources of income for the Debtor, including business reports and supporting documentation required by Local Bankruptcy Rules.**

7.   **Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.**

8.   **Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the Debtor.**

9.   **Monitor all incoming case information throughout the case (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and the chapter 13 trustee's status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.**

10.  **Review the claims register and the chapter 13 trustee's notice of intent to pay claims after entry of a plan confirmation order.**

11.  File objections to improper or invalid claims, when appropriate.

12.  Prepare and file a proof of claim, when appropriate, if a creditor fails to do so.

13.  Prepare, file, and serve timely motions to modify the plan after confirmation, when necessary.

14.  Prepare, file, and serve motions to buy, sell, or refinance real or other property, when appropriate.

15.  Prepare, file, and serve any other motion that may be necessary to appropriately represent the Debtor in the case, including but not limited to, motions to impose or extend the automatic stay.

| | |
|---|---|
| Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys - *Page 5 of 6* | F 3015-1.7 |
| In re **Leonarda G Aguilar** Debtor(s). | CHAPTER 13 CASE NUMBER **SV 09-12118 KT** |

16. Timely respond to all motions filed by the chapter 13 trustee, and represent the Debtor in response to all other motions filed in the case, including but not limited to, motions for relief from stay.

17. When appropriate, prepare, file, and serve motions to avoid liens on real or personal property, and motions to value the collateral of secured creditors.

18. Be available to respond to the Debtor's questions throughout the term of the plan, and provide such other legal services as are necessary for the administration of the case before the bankruptcy court.

19. Represent the Debtor at a discharge hearing, if required.

20. If not representing the Debtor in adversary proceedings, assist the Debtor in obtaining competent counsel to represent the Debtor in any adversary proceeding filed in the case.

**ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES:**

The guidelines in this district for payment of attorneys' fees in chapter 13 cases without a detailed fee application provide for the following maximum initial fees for the services described in this agreement in bold face type (that is, the services described on pages 3 through 5 of this agreement): $4,500 in cases where the Debtor is engaged in a business; or $4,000 in all other cases. In this case, the parties agree that the fee for the services described in bold face type in this agreement will be $ __4,500.00__ .

Other than the initial retainer, the attorney may not receive fees directly from the Debtor prior to confirmation. All other fees due through confirmation shall be paid through the plan unless otherwise ordered by the court.

If the attorney performs tasks on behalf of the Debtor not set forth in bold face, the attorney may apply to the court for additional fees and costs, but such applications will be reviewed by both the chapter 13 trustee and the court. The attorney agrees to charge for such additional services at the rate of $ __350.00__ per hour. The attorney agrees to give the Debtor written notice of any change in the hourly rate prior to rendering additional services.

Alternatively, the attorney may charge a reasonable flat fee for some specified service(s). In either event, the attorney shall disclose to the court in the fee application any fees paid or costs reimbursed by the Debtor and the source of those payments. The attorney may receive fees for such additional services directly from the Debtor. Any fees received directly from the Debtor will be deposited in the attorney's trust account until a fee application is approved by the court.

If the Debtor disputes the legal services provided or the fees charged by the attorney, the Debtor may file an objection with the court and request a hearing. Should the representation of the Debtor create a hardship, the attorney may seek a court order allowing the attorney to withdraw from the case. The Debtor may discharge the attorney at any time.

*(Continued on next page)*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*November 2006*                                                                                                                F 3015-1.7
Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                        Best Case Bankruptcy

| Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys - *Page 6 of 6* | **F 3015-1.7** |
|---|---|
| In re<br>     **Leonarda G Aguilar**<br><br>                                                                     Debtor(s). | CHAPTER 13<br><br>CASE NUMBER **SV 09-12118 KT** |

Debtor's Signature.  The Debtor's signature below certifies that the Debtor has read, understands and agrees to the best of his or her ability to carry out the terms of this agreement, agrees to the scope of this agreement, and has received a signed copy of this agreement.

Attorney's Signature.  The attorney's signature below certifies that before the case was filed the attorney personally met with, counseled, and explained the foregoing matters to the Debtor and verified the number and status of any prior bankruptcy case(s) filed by the Debtor or any related entity, as set forth in Local Bankruptcy Rule 1015-2. This agreement does not constitute the written fee agreement contemplated by the California Business & Professions Code.

| **/s/ Leonarda G Aguilar** | **March 13, 2009** |
|---|---|
| *Debtor* | *Date* |

| **/s/ Todd J. Roberts** | **March 13, 2009** |
|---|---|
| *Attorney* | *Date* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*November 2006*                                                                                                                                                        **F 3015-1.7**
Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                          Best Case Bankruptcy