| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Todd J. Roberts**<br>**Law Offices of Todd J. Roberts**<br>**16601 Ventura Blvd. Fourth Floor**<br>**Encino, CA 91436**<br>**818 906-8000 Fax: 818 906-8099**<br>California State Bar Number: **181945**<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for: Debtor* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>Leonarda G Aguilar<br><br><br>Debtor(s). | CHAPTER: **13**<br>CASE NO. **1:09-bk-12118**<br>SECTION 341(a) MEETING OF CREDITORS:<br>DATE: 4/08/09<br>TIME: 11:00 AM<br>HEARING ROOM: 105<br><br>CONFIRMATION HEARING:<br>DATE: 5/05/09<br>TIME: 10:00 AM<br>PLACE: **Courtroom 301**<br><br>DEADLINE FOR OBJECTIONS TO PLAN: __3/31/09__ *<br>(*8 days before the Section 341(a) meeting) |

## NOTICE OF SECTION 341(a) MEETING AND
## HEARING ON CONFIRMATION OF CHAPTER 13 PLAN
## WITH COPY OF CHAPTER 13 PLAN

1. NOTICE IS HEREBY GIVEN to all creditors and other interested parties that on the above date and time and in the indicated courtroom, debtor(s) will seek court approval of the attached Chapter 13 plan.

2. **Section 341(a) Meeting Location:**
   ☐ 725 South Figueroa Street, Lobby Level, Los Angeles     ☐ 411 West Fourth Street, Room 1-154, Santa Ana
   ☒ 21051 Warner Center Lane, Suite 115, Woodland Hills     ☐ 128 East Carrillo Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

3. **Chapter 13 Plan Confirmation Hearing Location:**
   ☐ 255 East Temple Street, Los Angeles     ☐ 411 West Fourth Street, Santa Ana
   ☒ 21041 Burbank Boulevard, Woodland Hills     ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

4. **OBJECTIONS TO PLAN:** If you wish to object to the confirmation of the Chapter 13 plan, you must file a written objection with the Bankruptcy Court and serve a copy of it upon the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee before the deadline set forth above. Unless you timely file a written objection to the plan and appear at the confirmation hearing, the Court may treat your failure to do so as a waiver of your right to object to the plan, and may approve the plan.

5. **APPEARANCE BY DEBTOR(S) AND THE ATTORNEY FOR THE DEBTOR(S) IS REQUIRED AT BOTH THE SECTION 341(a) MEETING AND THE CONFIRMATION HEARING.** If the Chapter 13 trustee finds at the Section 341(a) meeting that the case is ready for confirmation, the trustee may, but is not required to, stipulate that the debtors and counsel are excused from appearance at the confirmation hearing (if the assigned judge permits the trustee to waive appearances). If the Chapter 13 trustee finds at the Section 341(a) meeting that the case is NOT ready for confirmation, the trustee may, but is not required to, continue the Section 341(a) meeting and/or the confirmation hearing to a later date. Unexcused failure by the debtor(s) to appear at either the Section 341(a) meeting or the confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on filing any other bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g).

Dated:   **March 4, 2009**

*Signature of Debtor(s) or Attorney for Debtor(s)*
**Law Offices of Todd J. Roberts**
*Print Law Firm Name (if applicable)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2002*     **F 3015-1.2**
Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

Name    Todd J. Roberts
Address  Law Offices of Todd J. Roberts
         16601 Ventura Blvd. Fourth Floor
         Encino, CA 91436

Telephone  818 906-8000    (FAX)  818 906-8099

■ Attorney for Debtor
State Bar No. 181945

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Leonarda G Aguilar | Chapter 13 Case No. SV 09-12118 KT<br><br>**CHAPTER 13 PLAN**<br><br>CREDITORS MEETING:<br>Date:<br>Time:<br>Place:<br>CONFIRMATION HEARING:<br>Date:   5/05/09<br>Time:   10:00 am<br>Place:  courtroom 301 |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

F3015-1.1
Best Case Bankruptcy

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A. Payments by Debtor of **$1,584.00** per month for **60** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $ **95,040.00** which is estimated to pay **0** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| California Credit Union | 1999 Tahoe 120k mileage | xxx8550 | $40.00 |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: (specify property or indicate none)
   **None**

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*                                                                                                                                **F3015-1.1**
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                Best Case Bankruptcy

Chapter 13 Plan  (Rev. 11/06) - Page 3                                                          2006 USBC, Central District of California

## II. ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

F3015-1.1

Best Case Bankruptcy

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

**CLASS 1**
**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| a. Administrative Expenses | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $4,500.00 | | $1,125.00 | 4 | $4,500.00 |
| (3) Chapter 7 Trustee's Fees | | | | | |
| (4) Other | | | | | |
| b. Other Priority Claims | | | | | |
| (1) Internal Revenue Service | | | | | |
| **Internal Revenue Service** | $5,100.00 | 0% | $850.00 | 6 | $5,100.00 |
| (2) Franchise Tax Board | | | | | |
| **Franchise Tax Board** | $3,100.00 | 0% | $516.67 | 6 | $3,100.00 |
| (3) Domestic Support Obligation | | | | | |
| (4) Other | | | | | |
| c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

F3015-1.1
Best Case Bankruptcy

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐  The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ■  The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

Ocwen Loan Servicing                                                                xxxxxx1252
(name of creditor)                                                              (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Ocwen Loan Servicing | xxxxxx1252 | $67,950.00 | 0 | $1,306.73 | 52 | $67,950.00 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| California Credit Union | xxx8550 | $4,383.00 | $4,383.00 | 5.00 | $95.34 | 52 | $4,957.87 |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006                                                                                                                F3015-1.1
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Chapter 13 Plan  (Rev. 11/06) - Page 6    2006 USBC, Central District of California

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐  The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐  The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____                _____
(name of creditor)                                          (last 4 digits of account number)

_____                _____
(name of creditor)                                          (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of __$135,931.00__ .
Class 5 claims will be paid as follows:

(Check one box only.)

■    Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.
OR

☐    Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ __0.00__ which is estimated to pay __0__ % of the scheduled nonpriority unsecured debt.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*                                                                                                                F3015-1.1
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

## IV. PLAN ANALYSIS

| | |
|---|---:|
| CLASS 1a | $4,500.00 |
| CLASS 1b | $8,200.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $67,950.00 |
| CLASS 3 | $4,957.87 |
| CLASS 4 | $0.00 |
| CLASS 5 | $13.93 |
| SUB-TOTAL | $85,621.80 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $9,418.20 |
| TOTAL PAYMENT | $95,040.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**                **Description of contract/lease:**
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**                **Description of contract/lease:**
   -NONE-

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**                      **Monthly Payment:**
   -NONE-

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
   **Creditor Name:**                      **Description:**
   -NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)

   **Addendum to Chapter 13 Plan (F 3015-1.1A) is attached.**

   **Countrywide: Debtor(s) intend to avoid lien under 522(f)(1) or 522(f)(2).**

   **(1) Please pay court approved attorneys fees per RARA and (if applicable) supplemental fee application along with customary Chapter 13 Trustee fees first from any fudns on ahnd regardless of dismissal or converison;**

   **(2) Debtor will seek to extinguish consensual junior lien of Countrywide Home Loan with respect to her primary residence via seprately filed, served and noticed motion.**

.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006                                                                            F3015-1.1
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:   **March 13, 2009**                                    /s/ Todd J. Roberts
                                                               Todd J. Roberts
                                                               181945
                                                               Attorney for Debtor(s)


                                                               /s/ Leonarda G Aguilar
                                                               Leonarda G Aguilar
                                                               Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006                                                                                          F3015-1.1
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                     Best Case Bankruptcy

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>**Todd J. Roberts**<br>**Law Offices of Todd J. Roberts**<br>**16601 Ventura Blvd. Fourth Floor**<br>**Encino, CA 91436**<br>**818 906-8000 Fax: 818 906-8099**<br>California State Bar Number: **181945**<br><br>☐ *Individual appearing without counsel*<br>■ *Attorney for:* Debtor | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>Leonarda G Aguilar<br><br><br><br>Debtor(s). | CHAPTER: 13<br><br>CASE NO. SV 09-12118 KT |

## Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

(A) **Scope: Consumer Debts Secured by a Mortgage on Real Property, or Secured by Manufactured Housing that the Debtor Occupies as the Debtor's Principal Residence**

    (1) For purposes of this Addendum, which is incorporated into the debtor's chapter 13 plan (the "Plan"), the term "Mortgage Creditor" includes all creditors whose claims represent consumer debts secured in whole or in part by a security interest in real property or manufactured housing, which real property or manufactured housing constitutes the debtor's principal residence. The provisions of this Addendum are effective until the earlier of: (a) dismissal of the case; (b) the closing of the case; (c) entry of an order granting the debtor a discharge; and (d) entry of an order terminating the automatic stay under 11 U.S.C. § 362(d) as the stay applies to the Mortgage Creditor.

    (2) Except as provided in paragraphs (3) and (4) below, if the Mortgage Creditor provided monthly statements to the debtor pre-petition, the Mortgage Creditor must provide monthly statements to the debtor. The monthly statements must contain at least the following information concerning post-petition mortgage payments to be made outside the Plan:

        (a) The date of the statement and the date the next payment is due;

        (b) The amount of the current monthly payment;

        (c) The portion of the payment attributable to escrow, if any;

        (d) The post-petition amount past due, if any, and from what date;

        (e) Any outstanding post-petition late charges;

        (f) The amount and date of receipt of all payments received since the date of the last statement;

        (g) A telephone number and contact information that the debtor or the debtor's attorney may use to obtain reasonably prompt information regarding the loan and recent transactions; and

        (h) The proper payment address.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2008
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F 3015-1.1A
Best Case Bankruptcy

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage
on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

| In re<br>**Leonarda G Aguilar**<br>Debtor(s). | CHAPTER **13**<br>CASE NUMBER.: SV **09-12118 KT** |
|---|---|

(3)   No monthly statement will be required in this case where post-petition mortgage payments are to be made to the chapter 13 trustee through the Plan, unless the amount of the monthly payment is scheduled to change (because of adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees). If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(4)   If, pre-petition, the Mortgage Creditor provided the debtor with "coupon books" or some other preprinted, bundled evidence of payments due, the Mortgage Creditor is not required to provide monthly statements under subsection (2) of this section. However, the Mortgage Creditor must supply the debtor with additional coupon books as needed or requested in writing by the debtor. If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(5)   The Mortgage Creditor must provide the following information to the debtor upon the reasonable written request of the debtor:

   (a)   The principal balance of the loan;

   (b)   The original maturity date;

   (c)   The current interest rate;

   (d)   The current escrow balance, if any;

   (e)   The interest paid year to date; and

   (f)   The property taxes paid year to date, if any.

(6)   The Mortgage Creditor must provide the following information to the debtor, the debtor's attorney and, when the debtor is making ongoing mortgage or arrearage payments through the chapter 13 trustee, the chapter 13 trustee, at least quarterly, and upon reasonable written request of the debtor or the chapter 13 trustee: (a) any other amounts due or proposed change in payments arising from an adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees; (b) the nature of the expense or charge; and (c) the date of the payment.

(7)   If the secured consumer debt payable to the Mortgage Creditor is not modified by or paid through the Plan and the Mortgage Creditor believes the debtor to be in default, the Mortgage Creditor must send a letter alleging such default to the debtor and the debtor's attorney upon any perceived or actual default by the debtor and before taking any steps to modify the automatic stay.

(B)   **Form of Communication; Modification of the Automatic Stay; and Motions for Order to Show Cause**

(1)   For the purposes of this Addendum, Mortgage Creditors will be considered to have sent the requisite documents or monthly statements to the debtor or the debtor's attorney, as applicable, when the Mortgage Creditor has placed the required document in any form of communication, which in the usual course would result in the debtor and the debtor's attorney receiving the document, to the address that the debtor and the debtor's attorney last provided to the Court. The form of communication may include, but is not limited to, electronic communication, United States Postal Service or use of a similar commercial communications carrier.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2008                                                                                                                                                           F 3015-1.1A

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

| In re | | CHAPTER 13 | |
|---|---|---|---|
| **Leonarda G Aguilar** | Debtor(s). | CASE NUMBER.: SV 09-12118 KT | |

(2) To the extent that the automatic stay arising in this case would otherwise prohibit such conduct, the automatic stay is modified as follows: Mortgage Creditors who provide account information or monthly statements under subsections (A)(1-6) above will not be found to have violated the automatic stay by doing so, and Mortgage Creditors may contact the debtor about the status of insurance coverage on property that is collateral for the Mortgage Creditor's claim, may respond to inquiries and requests for information about the account from the debtor and may send the debtor statements, payment coupons or other correspondence that the Mortgage Creditor sends to its non-debtor customers, without violating the automatic stay. <u>In order for communication to be protected under this provision, the communication must indicate it is provided for information purposes and does not constitute demand for payment.</u>

(3) As a result of a Mortgage Creditor's alleged non-compliance with this Addendum, the debtor may file a Motion for Order to Show Cause in compliance with Local Bankruptcy Rule 9020-1 no earlier than sixty days after the Mortgage Creditor's failure to comply with sections (A) or (B). Before filing the motion, the debtor must make good faith attempts in writing to contact the Mortgage Creditor and to determine the cause of any non-compliance, and must indicate in the Motion for Order to Show Cause the good faith steps taken, together with a summary description of any response provided by the Mortgage Creditor.

(4) If a Mortgage Creditor's regular billing system can provide a statement to the debtor that substantially complies with this Addendum, but does not fully conform to all of its requirements, the Mortgage Creditor may request that the debtor accept such statement. If the debtor declines to accept the non-conforming statement, a Mortgage Creditor may file a motion, on notice to the debtor, the debtor's attorney and the chapter 13 trustee, seeking a declaration of the Court that cause exists to allow such non-conforming statements to satisfy the Mortgage Creditor's obligations under this Addendum. For good cause shown, the Court may grant a waiver for purposes of this case and for either a limited or unlimited period of time.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2008

F 3015-1.1A

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage
on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

| In re<br>Leonarda G Aguilar<br>Debtor(s). | CHAPTER 13<br>CASE NUMBER.: SV 09-12118 KT |
|---|---|

## Instructions for Attaching

### Addendum to Chapter 13 Plan Concerning Debtors who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

This optional addendum concerns chapter 13 debtors who are repaying debt secured by a mortgage on real property or a lien on personal property the debtor occupies as the debtor's principal residence.

A chapter 13 debtor may attach this addendum to his/her chapter 13 plan. This is a court-approved form and may not be altered, except for interlineations clearly marked on the court-approved form which are subject to the Court's review and approval upon consideration of the plan for confirmation. When attaching this form to the chapter 13 plan form (F 3015-1.1), the debtor must indicate in section V.F. (Page 6) of the chapter 13 plan form that the "Addendum to Chapter 13 Plan (F 3015-1.1A) is attached."

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2008*

F 3015-1.1A

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                                                    Best Case Bankruptcy

Notice of Chapter 13 Confirmation - *Page 2 of 2*

F 3015-1.2

| In re | CHAPTER 13 |
|---|---|
| Leonarda G Aguilar         Debtor(s). | CASE NO.: **1:09-bk-12118** |

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF ___**Los Angeles**___

1. I am over the age of 18 and not a party to the within action. My business address is as follows:
   16601 Ventura Blvd., 4th Fl., Encino, CA 91436

2. **Regular Mail Service:** On __March 1ᴖ, 2009__, pursuant to Local Bankruptcy Rule 9013-1, I served the documents described as: NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN WITH COPY OF CHAPTER 13 PLAN on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at __Encino__, California, addressed as set forth on the attached list.

3. **See attached list for names and addresses of all parties and counsel that have been served.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 1ᴖ, 2009

        **Ana Galindo**
        *Type Name*
        */s/ Ana Galindo*
        *Signature*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2002*

F 3015-1.2

Leonarda G Aguilar
13781 Eldridge Avenue
Sylmar, CA 91342


Todd J. Roberts
Law Offices of Todd J. Roberts
16601 Ventura Blvd. Fourth Floor
Encino, CA 91436


Aztec Foreclosure Corporation
3300 N. Central Avenue, Suite 2200
Phoenix, AZ 85012


Aztec Foreclosure Corporation
3300 N. Central Avenue, Suite 2200
APN#2503-010-029
Phoenix, AZ 85012


CACH LLC
1101 Capital of Texas Highway
Building K, Suite 150
Austin, TX 78746


Caine And Weiner
21210 Erwin Street
Woodland Hills, CA 91367


California Credit Union
P.O. BOX 29100
Glendale, CA 91209


Countrywide
P.O. BOX 10287
Van Nuys, CA 91410

Credit Protection Association
P.O. Box 7813
Baldwin Park, CA 91706


Elizabeth Rojas
Chapter 13 Trustee
15060 Ventura Blvd., Ste#240
Sherman Oaks, CA 91403


Franchise Tax Board
Attention: Bankruptcy
P.O. BOX 2952
Sacramento, CA 95812


Herbert P. Sears Collection Agency
PO box 1231
Bakersfield, CA 93303


Internal Revenue Service
Mail Stop 5021
300 N. Los Angeles Street
Los Angeles, CA 90012


Mervyn's
Retailer National Bank
P.O. BOX 960013
Orlando, FL 32896-0013


Ocwen Loan Servicing
P.O. BOX 6440
Orlando, FL 32878


Ocwen Loan Servicing
P.O. BOX 785063
Orlando, FL 32878

Pacific Gas & Electricity


Portfolio Recovery
120 Corporate Blvd., #1
Norfolk, VA 23502


Progressive Management Systen
1521 W. Cameron Ave., Fl. 1
West Covina, CA 91790


WFNNB-The Avenue
P.O. BOX 659584
San Antonio, TX 78265